IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARRY G. INGRAM,

    Plaintiff,

  v.

SAN FRANCISCO POLICE DEP'T, et al.,

    Defendants.
_____/

No. C 13-0224 CW

ORDER GRANTING MOTIONS TO DISMISS (Docket Nos. 12 & 19)

    Plaintiff Barry G. Ingram, proceeding pro se, brings this action against Defendant San Francisco Police Department (SFPD) and three of its employees, Sgt. Frazer, Officer Jennifer Fiorello, and Officer Khmarskiy.[1] Defendant SFPD moves to dismiss Plaintiff's first amended complaint (1AC) for failure to state a claim. Defendants Frazer, Fiorello, and Khmarskiy (Individual Defendants) move separately to dismiss for insufficient service of process. Plaintiff opposes both motions. The Court took the motions under submission on the papers and now grants both motions.

BACKGROUND

    The following facts are taken from Plaintiff's 1AC. During a routine traffic stop on October 7, 2010, Individual Defendants cited Plaintiff for driving with a suspended license and impounded his 1990 Ford Bronco. Docket No. 1, Ex. A, 1AC at 2:11-:12, :26-:27, :15-:16. Plaintiff subsequently obtained DMV records showing

---

[1] The complaint does not include first names for Officers Frazer and Khmarskiy.

that his driver's license had been restored in May 2010, five months before he received the citation. Id. at 2:13-:14. In light of this information, SFPD dismissed the citation in May 2011. Id. at 2:15-:16. It did not, however, return Plaintiff's vehicle. Id. at 3:3-:4. Although Plaintiff acknowledges that the City of San Francisco later compensated him for the truck, he does not specify how much compensation he ultimately received. Id. at 2:16-:17. Nevertheless, he now asserts that he has not been "justly compensated" for the loss of his vehicle. Id. at 3:3-:4

Plaintiff's 1AC alleges that SFPD's impoundment of his vehicle has caused him severe "mental anguish and emotional distress." Id. at 3:5-:6. He brings a variety of state and federal claims and seeks more than one hundred million dollars in personal injury and punitive damages. Id. at 3:13-:16.

LEGAL STANDARDS

I. Failure to State a Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a

2

cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

II.  Insufficient Service of Process

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). A court may dismiss the action without prejudice pursuant to Rule 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)).

"So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994)). However, "neither

3

actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

Federal Rule of Civil Procedure 4(c)(2) provides, "Any person who is at least 18 years old and not a party may serve a summons and complaint." It may be carried out by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Rule 4(e)(2) does not authorize service by mail. Service may also be carried out in any manner allowed by state law. Fed. R. Civ. P. 4(e)(1).

DISCUSSION

I. Failure to State a Claim

Plaintiff appears to bring claims under 42 U.S.C. §§ 1981 and 1983; article 1, section 7 of the California Constitution; and sections 43 and 51 of the California Civil Code. For the reasons set forth below, each of these claims must be dismissed.[2]

---

[2] Individual Defendants have not joined SFPD's motion to dismiss under Rule 12(b)(6) nor have they moved separately to dismiss on this basis. However, because most of SFPD's arguments apply with equal force to Individual Defendants, the Court dismisses the claims against them for failure to state a claim, as well. See Silverton v. Department of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

4

A.   § 1981 Claim

Title 42 U.S.C. § 1981 provides, in relevant part: "All persons in the United States shall have the same right in every State and Territory to make and enforce contracts."  42 U.S.C. § 1981(a).  To "make and enforce contracts," in this context, refers to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  Id. § 1981(b).

Because Plaintiff has not alleged the existence of any contract with SFPD or Individual Defendants here, he has failed to state a claim under § 1981.  Plaintiff's assertion that police officers owe a general duty to the public that "essentially establishes a binding contractual relation" with him, Opp. SFPD's Mot. Dismiss 2, does not provide a valid basis for his § 1981 claim.  See Castenada v. City of Napa, 1996 WL 241818, at *2 (N.D. Cal.) (dismissing § 1981 claims against police officers because the plaintiff failed to allege the existence of any contract with the officers).  Furthermore, even if Plaintiff had plead the existence of a binding contract, he has not alleged that Defendants' conduct was racially motivated.  Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1487 (9th Cir. 1995) ("In order to withstand a motion to dismiss for failure to state a claim, a § 1981 cause of action need only allege 'that plaintiff suffered discrimination . . . on the basis of race.'" (citations omitted; alterations in original)).  This claim must therefore be dismissed.

5

Because Plaintiff concedes in his sworn opposition that "no contract exists" between him and Defendants, Plaintiff cannot cure this claim by amending his complaint. Opp. SFPD's Mot. Dismiss 2. Accordingly, his § 1981 claim is dismissed with prejudice.

B. § 1983 Claim

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

Here, Plaintiff has failed to state a § 1983 claim against SFPD because he has not alleged that his car was impounded pursuant to an official policy or custom. He has also failed to specify which of his federal rights Defendants allegedly violated. Albright v. Oliver, 510 U.S. 266, 269 (1994) ("The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed."). Accordingly, Plaintiff has failed to state a valid § 1983 claim.

Plaintiff is granted leave to amend his § 1983 claim if he can identify a specific federal right that Individual Defendants violated by seizing his vehicle. Plaintiff may also amend his § 1983 claim against SFPD, but only if he can truthfully allege facts showing that his vehicle was seized pursuant to a specific unlawful policy or custom.

C. Claims under the California Constitution

Article 1, section 7 of the California Constitution provides that a "person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the law." Although Plaintiff invokes this language in his 1AC, he does not explain how his rights to due process or equal protection were actually infringed by Defendants. Thus, he has not stated a claim under this provision of the State Constitution.

Even if Plaintiff had clearly identified a due process or equal protection violation here, he still could not recover the monetary damages he seeks. California courts have repeatedly held that plaintiffs do not enjoy "a right to monetary relief" under article 1, section 7 of the California Constitution. Carlsbad Aquafarm, Inc. v. State Dep't Health Services, 83 Cal. App. 4th 809, 815-23 (2000) (citing Gates v. Superior Court, 32 Cal. App. 4th 481, 516-24 (1995)). Because Plaintiff seeks exclusively monetary relief here, his article 1, section 7 claim must be dismissed on this basis, as well.

Plaintiff is granted leave to amend this claim if he can truthfully allege specific facts showing that Defendants committed a due process or equal protection violation that supports a claim for declaratory or injunctive relief.

D. Claims under the California Civil Code

Under section 43 of the Civil Code, a plaintiff may bring a claim to assert his or her "right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." This provision effectively codifies causes of action for various common law torts, such as

7

assault and battery.  Rhodes v. Placer County, 2011 WL 1302264, at *12 n.11 (E.D. Cal.).  Because Plaintiff has not alleged any facts to support this claim, it must be dismissed.

So, too, must Plaintiff's claim under section 51 of the Civil Code.  Section 51 prohibits "business establishments" from discriminating against patrons on the basis of "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation."  Cal. Civ. Code § 51.  Plaintiff here has not plead that Defendants are part of any "business establishment" nor that they discriminated against him on some impermissible basis.  He has therefore failed to state a claim under this provision, as well.

Plaintiff is granted leave to amend his section 43 claim if he can truthfully allege sufficient facts to show that the seizure of his vehicle caused him bodily harm, personal insult, or injury to his personal relations.  Because Plaintiff cannot truthfully allege that any Defendant in this case is a "business establishment," his section 51 claim is dismissed with prejudice.

E.   Punitive Damages

In addition to the above claims, Plaintiff seeks punitive damages under section 3294 of the Civil Code.  State law expressly bars Plaintiff from recovering damages from SFPD under this provision on any of his state law claims.  Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.").  He is similarly barred

8

from recovering punitive damages from SFPD on his federal claims. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) ("[B]ecause that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.").

Although Plaintiff is not barred from recovering punitive damages from Individual Defendants on his § 1983 claims, to do so he must ultimately establish that the officers' conduct "involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Thus, if Plaintiff wishes to pursue punitive damages against Individual Defendants in a future pleading, he must truthfully allege facts showing that they acted with reckless or callous indifference to his federally protected rights.

    F.    Qualified Immunity

Because all of Plaintiff's claims must be dismissed, the Court need not address Defendants' qualified immunity defense. In any event, Plaintiff has not plead sufficient facts here to determine whether Defendants' conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

II. Insufficient Service

In addition to failing to state a claim against Individual Defendants, Plaintiff has failed to serve them properly with the summons and complaint in this action. Plaintiff contends that he attempted to effect service on Individual Defendants by delivering

9

the summons and complaint to an assistant in the Mayor's office. Because that assistant was not authorized to accept service on behalf of Individual Defendants, Plaintiff's attempt to serve Individual Defendants is insufficient and his claims against them must be dismissed on this ground, as well.

## CONCLUSION

For the reasons set forth above, SFPD's motion to dismiss (Docket No. 12) and Individual Defendants' motion to dismiss (Docket No. 19) are both GRANTED. Plaintiff's claims under 42 U.S.C. § 1981 and section 51 of the California Civil Code are dismissed with prejudice. Plaintiff may amend his other claims, pursuant to the instructions above, by filing a second amended complaint within twenty-one days of this order.

The second amended complaint and summons must be served on all Defendants. For rules and instructions on how to serve these documents properly, Plaintiff should consult the Court's guide for <u>pro se</u> litigants, <u>Representing Yourself in Federal Court: A Handbook for Pro Se Litigants</u>, which is available free of charge from the Clerk's office and may be downloaded from the Court's website at http://www.cand.uscourts.gov/prosehandbook.

IT IS SO ORDERED.

Dated: 4/18/2013

CLAUDIA WILKEN
United States District Judge