IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARRY G. INGRAM,                          No. C 13-0224 CW

          Plaintiff,                      ORDER GRANTING
                                          MOTION TO DISMISS
     v.                                   (Docket No. 39)

CITY OF SAN FRANCISCO POLICE
DEP'T, et al.,

          Defendants.
_____/

     Plaintiff Barry Ingram, proceeding pro se, brought this

action under the United States Constitution and the California

Civil Code against the City of San Francisco Police Department

(City Defendant) and three of its employees, Sgt. Frazer, Officer

Fiorello, and Officer Khmarskiy (Individual Defendants).  City

Defendant moves to dismiss Plaintiff's second amended complaint

(2AC).  Plaintiff opposes the motion.  After considering the

parties' submissions, the Court finds the matter suitable for

decision without oral argument and now dismisses the complaint

with prejudice.

                              BACKGROUND

     Plaintiff alleges that Individual Defendants impounded his

vehicle during a routine traffic stop in October 2010 based on

their erroneous belief that Plaintiff was driving with a suspended

license.  Docket No. 35, 2AC at 3:1-:4.  Specifically, he contends

that Individual Defendants violated his rights to due process and

equal protection by failing to confirm that his license was not

suspended before they impounded his vehicle.  Id. at 3:4-:17.

Plaintiff further alleges that their actions harmed his "personal

business relations" in violation of section 43 of the California Civil Code.  Id. at 3:19-:22.  Although Plaintiff admits that City Defendant has already compensated him for "property damage" to his vehicle, he seeks "personal injury damages" of roughly forty-seven million dollars for "mental anguish and emotional distress" resulting from the impounding of his vehicle.  Id. at 4:19-:26.

                              LEGAL STANDARD

     A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

     When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the

United States District Court
For the Northern District of California

complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). The court may deny leave to amend for "repeated failure to cure deficiencies by amendments previously allowed." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 809-10 (9th Cir. 1988).

DISCUSSION

A.   Federal Claims

Plaintiff has not alleged sufficient facts here to state a due process or equal protection claim against any Defendant. The only due process injury Plaintiff identifies in his 2AC is the loss of his vehicle, for which, he admits, he has already received compensation. Plaintiff has not alleged a deprivation of any other liberty or property interest that might serve as a basis for his due process claim in this suit.[1] Accordingly, he has failed to state a valid due process claim here.

Plaintiff has similarly failed to identify a factual basis for his equal protection claim. He has not alleged that Defendants' actions were motivated by discriminatory animus nor does his complaint explain how he was treated differently from any similarly situated individual. Indeed, the 2AC contains no specific facts that, if proven, would demonstrate intentional

_____

[1] Although Plaintiff asserts that he has suffered "emotional distress and mental anguish," this alleged injury derives from the loss of his vehicle and, as such, does not support a separate due process claim. See Jones v. Los Angeles Community College Dist., 702 F.2d 203, 207 (9th Cir. 1983) ("While [mental and emotional distress] is compensable under 42 U.S.C. § 1983, [the plaintiff] must still demonstrate that her injury resulted directly from the wrongful deprivation of due process.").

3

discrimination of any kind, as Plaintiff apparently concedes in his opposition.  Docket No. 41, Opp. 2 ("Plaintiff makes no allegation of discrimination.").  Thus, Plaintiff has not stated a valid equal protection claim.

Finally, because Plaintiff's complaint fails to allege any constitutional violation, his claim for municipal liability under 42 U.S.C. § 1983 must be dismissed.  The Ninth Circuit has recognized that "general principles of § 1983 liability" dictate that "an individual may recover [under the statute] only when that individual's federal rights have been violated." Quintanilla v. City of Downey, 84 F.3d 353, 356 (9th Cir. 1996).

B.    State Claims

In addition to his federal claims, Plaintiff asserts a claim under section 43 of the Civil Code.  Section 43 provides that "every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."  Cal. Civ. Code § 43.  Here, Plaintiff does not allege that he suffered any bodily restraint or harm, personal insult, or defamation; rather, he contends that Defendants harmed his "personal business relations" because he had been planning to sell his car at the time it was impounded.  2AC at 3:19-:22.  This allegation, standing alone, is not sufficient to state a claim under section 43.

Plaintiff's complaint does not identify any injury to his personal or business relations with any specific person.  Although he asserts that he planned to sell his car, he has not alleged that he actually communicated with any person about selling the

4

**United States District Court**
For the Northern District of California

vehicle nor that his failure to make the sale undermined his

relationship with any potential buyers.  More importantly, as

noted above, Plaintiff admits that he received compensation for

the vehicle.  Thus, even if the impound prevented Plaintiff from

selling the vehicle himself, he has still failed to explain how

his business relations were actually injured by the impound.

Because Plaintiff's complaint does not identify any other injury

to his personal or business relations, his section 43 claim must

be dismissed for failure to state a claim.[2]

This claim must also be dismissed because Defendants are

immune from suit under section 821.6 of the Government Code.  That

section provides, "A public employee is not liable for injury

caused by his instituting or prosecuting any judicial or

administrative proceeding within the scope of his employment, even

if he acts maliciously and without probable cause."  Cal Gov't

Code § 821.6.  The California Supreme Court has held that this

provision generally immunizes both individual public employees and

public entities.  Sullivan v. County of Los Angeles, 12 Cal. 3d

710, 719 (1974).  Although Plaintiff contends in his opposition

that section 821.6 immunity only extends to actions undertaken

during the course of an investigation and not to actions that

occur after "the investigation is complete," Opp. 4, California

courts have not embraced this distinction.  See, e.g., Scannell v.

---

[2] In dismissing this claim, the Court does not rely on City
Defendant's argument that business relations fall outside the scope of
"personal relations" in section 43.  This argument does not appear to be
supported by California case law.  Guillory v. Godfrey, 134 Cal. App. 2d
628, 632 (1955) (discussing section 43 and holding that "malicious
interference with the formation of a contract or the right to pursue a
lawful business, calling, trade, or occupation has been generally held
to constitute a tort").

1  County of Riverside, 152 Cal. App. 3d 596, 609 (1984) (dismissing

2  tort claim against police officers and county prosecutors for

3  actions taken during and after an investigation into plaintiff's

4  conduct).

5                              CONCLUSION

6      For the reasons set forth above, City Defendant's motion to

7  dismiss (Docket No. 39) is GRANTED.  Although Individual

8  Defendants have not joined City Defendant's motion to dismiss nor

9  filed their own separate motion, the claims against them are also

10  dismissed for failure to state a claim.  See Silverton v. U.S.

11  Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A

12  District Court may properly on its own motion dismiss an action as

13  to defendants who have not moved to dismiss where such defendants

14  are in a position similar to that of moving defendants or where

15  claims against such defendants are integrally related.").

16      Because Plaintiff has failed to cure the defects in his

17  complaint despite two rounds of amendments to the document, his

18  claims are now dismissed with prejudice.  Accordingly, Plaintiff's

19  motion to appoint a marshal to serve Individual Defendants (Docket

20  No. 38) is DENIED as moot.  The clerk shall enter judgment and

21  close the file.  Defendants shall recover their costs from

22  Plaintiff.

23      IT IS SO ORDERED.

24

25  Dated:  7/29/2013

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California